J-A06002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ALBERT A. CIARDI, III | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KIMBERLY E. CIARDI | |
| Appellant | No. 351 EDA 2016 |

Appeal from the Decree December 22, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2010-01239-DI

BEFORE:   PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 01, 2017**

Appellant, Kimberly E. Ciardi ("Wife"), appeals from the decree divorcing her from Albert A. Ciardi ("Husband"). Wife contends the trial court miscalculated the tax consequences of Husband's business and that the court incorrectly credited Husband when the parties sold the marital residence. After careful review, we conclude Wife is due no relief on these issues, and affirm.

Husband and Wife were married in 1995, and separated in 2009. Husband and Wife have three children. Husband is an attorney who owns his practice. Wife has not worked outside of the home since 1995.

Prior to a hearing before a master, the parties agreed to divide their considerable marital assets with 60% of the assets allotted to Wife and 40% to Husband. However, the parties were unable to agree on how to distribute

Husband's two law firms, which he started during the marriage. Husband is the sole owner of Ciardi & Ciardi, PC, a Philadelphia law firm. Husband owns 50% of the Delaware-based firm Ciardi, Ciardi & Astin, PC.

Following another hearing, the master assigned Wife 50% of the value of the Philadelphia firm as her portion of the marital property, and 30% of Husband's share of the Delaware firm. The master also recommended Husband make three years of alimony payments to Wife at an annually decreased rate and that Husband pay $10,000 of Wife's counsel fees. Husband and Wife both filed exceptions to the master's report. Prior to the hearing before the trial court, Wife filed an emergency petition seeking disbursement of the assets from the recently sold marital home. The trial court disbursed the assets and deducted the payments from each party's equitable distribution portion of the marital assets.

After conducting a hearing, the trial court issued a final decree on December 22, 2015, divorcing the parties. The court sustained Husband's objection to the master's valuation of his interest in his law firms, as the master declined to assess taxes against the value of the businesses. The court assessed a 30% tax against Husband's business interests, and decreased Wife's equitable distribution award accordingly. The court also adjusted the award to account for the amount Wife received from the proceeds of the sale of the parties' home. The court thus reduced Wife's total equitable distribution award from $1,310,609 to $782,447.

Husband filed a notice of appeal to this Court. Wife then filed a notice of cross-appeal. After both parties complied with the trial court's directive to file Rule 1925(b) statements, Husband discontinued his appeal. Wife's issues alone are before us.

Prior to addressing Wife's claims on the merits, we must determine whether she properly preserved one of her issues for our review. Husband contends Wife waived her first argument, that the trial court improperly credited Husband for the sale of the marital home after the proceeds were fully distributed. Wife asserts the trial court distributed Husband's share of the funds from the sale of the home directly to him, and then assessed that same amount as owed to him again for that transaction—effectively crediting Husband twice for his share of the sale.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Morgante v. Morgante*, 119 A.3d 382, 396 (Pa. Super. 2015) (holding Husband's failure to raise challenge to equitable distribution award in his Rule 1925(b) statement constituted waiver).

Further, "Pennsylvania Rule of Appellate Procedure 2119 contains mandatory provisions regarding the contents of briefs. Rule 2119(a) requires the argument to be followed by discussion and pertinent citation of authorities. Additionally, this Court has held that arguments which are not sufficiently developed are waived." *Brody v. Brody*, 758 A.2d 1274, 1281 (Pa. Super. 2000).

Wife avers she preserved her argument in her Rule 1925(b) statement as follows: "The [trial court] erred in the calculation of money due Wife from Husband's [sic] when taking into consideration the credits between the parties in the Master's Report and Recommendation which were not challenged." Wife's Rule 1925(b) Statement, at 2. We find this statement far too vague to have adequately preserved Wife's specific argument. Wife's general assertion of error regarding the "credits" in the master's report does not challenge the distribution of assets from the marital home. Neither the master nor the trial court referred to Husband's share of the marital home as a "credit." The effect of Wife's generic assertion is to challenge the entire equitable division of the parties' assets, an arrangement Wife failed to contest before the trial court. Wife's decision not to object to the equitable distribution award before the trial court and to preserve it in her Rule 1925(b) statement precludes our Court from reviewing it at this time. **See** Pa.R.A.P. 302(a); **Morgante**, 119 A.3d at 396. Wife also fails to cite to any case law, other than the standard of review, in her brief. **See Brody**, 758 A.2d at 1281. Thus, we find Wife's first issue waived.[1]

In her remaining issues, Wife disputes the trial court's decision to

---

[1] Even if Wife had properly preserved her issue for our review, her brief fails to justify her entitlement to an award and corresponding monthly payment schedule even higher than that recommended by the master or the trial court. Wife's proposed equitable distribution award does not account for the proceeds *she* received from the sale of the home, which the trial court marked as comprising part of her own award.

assess the tax effect against Husband's businesses and the percentages of the businesses awarded to her. The master recommended that Wife receive 50% of Husband's share in his Philadelphia firm, and 30% of Husband's share in his Delaware firm. The trial court adopted this recommendation in its final divorce decree, agreeing with the master's reasoning that an equitable distribution of Husband's share in his businesses would not reflect the 60/40 division in favor of Wife to which the rest of the marital assets were subject. The trial court noted that Husband's Delaware firm was formed only ten months before the parties separated, and that its value had been considerably enhanced by Husband's post-separation efforts. The court also noted that a 50% share of Husband's Philadelphia firm was equitable in light of the considerable other marital assets Wife was to receive in the divorce proceedings. However, the trial court also chose to assess the tax effect on Husband's share of his business, as the master's valuation did not reflect any tax consequences against either firm.

Our standard of review in equitable distribution matters is as follows.

A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has was been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable

distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

***Childress v. Bogosian***, 12 A.3d 448, 455 (Pa. Super. 2011) (citations and quotation marks omitted).

There is no simple formula by which to divide marital property; the method of distribution derives from the facts of the individual case. ***See Gaydos v. Gaydos***, 693 A.2d 1368, 1376 (Pa. Super. 1997). In fashioning an equitable distribution award, the trial court must consider, at a minimum, the eleven factors set forth in 23 Pa.C.S.A. § 3502, Equitable division of marital property, (a) General rule. "The courts attempt to split property equitably, instead of equally, taking into consideration such factors as length of marriage, the contributions of both spouses, ages and health of each spouse." ***Taper v. Taper***, 939 A.2d 969, 974 (Pa. Super. 2007) (citation omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. MacElree II, we conclude Wife's remaining issues on appeal merit no relief.

**See** Trial Court Opinion, filed December 22, 2015, at 6-10. The trial court makes clear in its opinion its reasons for assessing the conservative 30% tax against Husband's two businesses. The court also plainly expresses its reasons for adopting the master's recommendation on the percentages of each firm given to Wife as part of her equitable distribution award. Accordingly, we affirm based on the trial court's opinion.

     Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2017